AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America<br>v.<br>**JAVIER ANTONIO CRUZ**<br>*Defendant* | Case No. 25-mj-5043 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of February 18, 2025, in the Western District of New York, the defendant, an alien, was found in the United States, after previously being removed or deported from the United States, and subsequent to a felony conviction, without prior authorization or approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

RYAN KWIATKOWSKI
PATROL AGENT
U.S. BORDER PATROL
*Printed name and title*

Sworn to before me and signed telephonically.

Date: February 21, 2025

*Judge's signature*

City and State: Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK      )
COUNTY OF NIAGARA      )   SS:
CITY OF NIAGARA FALLS  )

I, **RYAN A. KWIATKOWSKI**, being duly sworn, deposes and states:

1. I am a United States Border Patrol Agent with the United States Border Patrol, within the Department of Homeland Security (DHS), stationed in Niagara Falls, New York. I have been employed as a Border Patrol Agent for thirteen (13) years. In such capacity, my official duties include investigating persons who have violated federal immigration laws and other related federal statutes. I have conducted and participated in investigations relating to Illegal Re-Entry After Deportation in violation of Title 8, United States Code, Section 1326(a)(1) and 1326(b)(2).

2. As a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, and I am a Law Enforcement Officer with the authority to affect arrests and execute criminal complaints and warrants issued under the authority of the United States. As part of my current duties, I have become involved in an investigation of a suspected violation of Title 8, United States Code, Sections 1326(a)(1) and 1326(b)(2).

3. I make this affidavit in support of a criminal complaint charging **JAVIER ANTONIO CRUZ** (hereinafter "the defendant"), born in 1997, in Honduras, an alien, with having been found in the United States after having been previously removed or deported

from the United States, subsequent to a felony conviction, without first applying to the Attorney General, or his successor, the Secretary of the Department of Homeland Security, for permission to re-enter the United States, in violation of Title 8, United States Code, Sections 1326(a)(1) and 1326(b)(2).

4. The statements contained in this affidavit are based upon my personal observations, my training and experience, my review of official records, and upon information provided to me by other U.S. Border Patrol Agents and other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant did knowingly violate Title 8, United States Code, Sections 1326(a).

5. On or about February 18, 2025, at approximately 8:30 p.m., Officer Rosart of the North Tonawanda Police Department stopped a vehicle after witnessing the driver conduct an unsafe lane change, in the vicinity of 886 Niagara Falls Boulevard in North Tonawanda, New York, in the Western District of New York. Officer Rosart encountered the defendant as an occupant of the vehicle.

6. The North Tonawanda Police Department contacted the U.S. Border Patrol to assist them with identifying the occupants of the vehicle and in Spanish translation. U.S. Border Patrol Agents spoke with the defendant and determined through questioning that he

is a citizen and national of Honduras, and not a National of the United States. The defendant admitted to being a citizen and national of Honduras and that he did not have any documents that would allow him to be or remain in the United States lawfully.

7. U.S. Border Patrol Agents took the defendant into custody. As a part of processing, an electronic scan of the defendant's fingerprints into the Integrated Automated Fingerprint Identification System (IAFIS) to verify his identity and any immigration history he may have in the United States. This query resulted in an identical biometric match revealing that the defendant had been issued FBI number A4LNFDD5N, and immigration fingerprint identification number 1234216194. Records checks established that on July 26, 2018, CRUZ was convicted of violating 8 U.S.C. § 1325 and sentenced to time served. Additionally, on June 24, 2020, CRUZ was convicted in Irving, Texas, of aggravated assault with a deadly weapon, a felony.

8. Immigration database record checks associated to alien number A215777722 revealed that the defendant was ordered removed multiple times by an immigration judge. First in McAllen, Texas, on or about July 25, 2018, subsequent to his conviction, referenced above. Records further revealed that the defendant was physically deported from the United States, through Harlingen, Texas, on or about August 6, 2018. Records further revealed that the defendant was physically deported from the United States a second time, through San Antonio, Texas on February 23, 2024, by Immigration and Customs Enforcement (ICE), after his release from Texas Prison.

9.  Record checks failed to disclose any record that the defendant had applied for or received the requisite permission to reenter the United States from the Attorney General or the Secretary of Homeland Security.

10. Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that **JAVIER ANTONIO CRUZ** was found in the United States after having been previously deported and removed from the United States, following a conviction, without first applying to the Attorney General, or the Secretary for the Department of Homeland Security, for permission to re-enter the United States, in violation of Title 8, United States Code, Sections 1326(a)(1) and 1326(b)(2).

RYAN A. KWIATKOWSKI
U.S. Border Patrol Agent

Sworn to me and signed telephonically this
21st day of February, 2025

HONORABLE MICHAEL J. ROEMER
U.S. Magistrate Judge

4